**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001076
15-JAN-2015
09:35 AM**

NO. CAAP-14-0001076

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PACE INVESTMENTS LIMITED PARTNERSHIP,
a Delaware limited partnership, Plaintiff-Appellee, v.
ERNESTINE K. MARFIL, Defendant-Appellant, and
HEIRS AND/OR ASSIGNS OF NIKA (k); et al., Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 10-1-124K)

ORDER
(1) DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
(2) DENYING ALL PENDING MOTIONS IN
APPELLATE COURT CASE NUMBER CAAP-14-0001076 AS MOOT
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Upon review of the record, it appears that we lack

jurisdiction over the appeal that Defendant-Appellant Ernestine

K. Marfil (Appellant Marfil) has asserted from the Honorable

Ronald Ibarra's June 27, 2014 judgment, because the June 27, 2014

does not specifically identify the claim or claims on which the

circuit court intends to enter judgment, as required under the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2013) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338 (emphases added). "For example: 'Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint.'" Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4

-2-

(emphasis added). When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis).

Although Plaintiff-Appellee Pace Investments Limited Partnership (Appellee Pace Investments) complaint asserts multiple claims through four separately enumerated counts, the June 27, 2014 judgment does not specifically identify the claim or claims on which the circuit court intends to enter judgment. For example, although the June 27, 2014 judgment declares that Appellee Pace Investments owns an interest in the subject property and certifies the judgment as to one or more but fewer than all claims or parties with an express finding of no just reason for delay pursuant to HRCP Rule 54(b), the June 27, 2014 judgment does not explain whether the circuit court is entering this judgment pursuant to

- Count 1 of Appellee Pace Investments' complaint (which asserts a cause of action to quiet title), or

- Count 2 of Appellee Pace Investments' complaint (which asserts a cause of action for adverse possession), or

- both Count 1 and Count 2 combined.

Therefore, June 27, 2014 judgment does not satisfy the specificity requirements for an appealable final judgment in a case involving multiple claims under the holding in Jenkins.

-3-

In its present form, the June 27, 2014 judgment does not satisfy the requirements for an appealable final judgment under the holding in <u>Jenkins</u>. Absent an appealable final judgment, we lack appellate jurisdiction and Appellant Marfil's appeal is premature.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0001076 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDER that all pending motions in appellate court case number CAAP-14-0001076 are denied as moot.

DATED: Honolulu, Hawai'i, January 15, 2015.


Chief Judge


Associate Judge


Associate Judge